IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )      Cr.  No. 02-30014-HO
                               )      Civ. No. 05-3024-HO
                               )
        v.                     )      ORDER
                               )
GERMAN MENDOZA-GUTIERREZ,       )
                               )
        Defendant.             )
_____)

On October 17, 2003, the court sentenced defendant to 87
months imprisonment following a guilty plea to distribution of
methamphetamine.  On March 7, 2005, defendant filed a motion to
vacate, set aside, or correct sentence (#48) pursuant to 28 U.S.C.
§ 2255 alleging three grounds of ineffective assistance counsel
during sentencing in the underlying criminal case.  On March 21,
2005, defendant, through counsel, filed another section 2255 motion
(#49) alleging ineffective assistance of counsel for failing to

raise an <u>Apprendi</u> type claim to the court's determination that defendant was responsible for 90.2 grams of methamphetamine after pleading guilty to distributing 50 or more grams of methamphetamine.

To prevail on a claim of ineffective assistance of counsel, petitioner must show both that his attorney's performance fell below an objective standard of reasonableness; and that the performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Chacon v. Wood</u>, 36 F.3d 1459, 1463 (9th Cir. 1994).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." <u>Strickland</u>, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. <u>Id.</u> at 689-90. The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. <u>Id.</u> at 690.

Whether trial counsel is ineffective involves a mixed question of law and fact. <u>See</u> <u>Crandell v. Bunnell</u>, 144 F.3d 1213, 1216 (9th Cir. 1998); <u>Moran v. Godinez</u>, 57 F.3d 690, 699 (9th Cir. 1994).

Defendant argues that while he admitted that he distributed 50 or more grams of methamphetamine, the district court adopted the presentence report figure of 90.2 grams by only a preponderance of the evidence standard. Defendant maintains that had the court limited the calculation to 50 grams, defendant's base offense level would have been lower.

Defendant maintains that under _Apprendi_, as recently confirmed by _Blakely_ and _Booker_, the sentencing court's determination that defendant was responsible for 90.2 grams of methamphetamine rather than 50 violates the Sixth Amendment. Consequently, defendant argues that his trial counsel was ineffective for failing to raise an objection to the sentence imposed on this basis.

Defendant contends that he was prejudiced by this failure because, even though controlling Ninth Circuit precedent at the time would have compelled the sentencing court to reject the _Apprendi_ type motion, defendant was forced to appeal his sentence on the basis of plain error. Accordingly, defendant maintains, the posture of the appeal prevented the appeal from being pending at the time _Blakely_ or _Booker_ was decided and that it would have been remanded by the Supreme Court for consideration under those cases.

As noted, at the time of defendant's sentence, _Apprendi_ did not apply to defendant's sentence enhancement for drug quantity because the sentence was within the statutory maximum. _Blakely_ and _Booker_ were decided after defendant's sentence and appeal became

final. Thus, not only does defendant now maintain that his counsel was ineffective for failing to raise a motion that would not have had any merit at the time, but for failing to foresee the future and somehow delaying the appeal process until the Supreme Court made its decision in Blakely.

Failure to predict the future is not tantamount to ineffective assistance. See, e.g., Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) (failure predict future developments of law regarding Apprendi like issues is not ineffective). Moreover, defendant can only speculate as to the effect on his sentence had counsel made the Apprendi objection during sentencing rather raising it on appeal as plain error. Defendant's argument relies on theorization that his petition for certiorari would have been pending when Blakely or Booker was decided leading to a remand of his sentence. However, the Ninth Circuit specifically ruled that Apprendi did not apply under then existing precedent. It is mere conjecture that resort to the plain error standard kept his case from pending long enough to allow for the Blakely decision while his case was still on direct review. Accordingly, defendant's petition must be denied.

## CONCLUSION

For the reasons stated above, defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (#48 and #49) is denied and this proceeding is dismissed.


DATED this _____24th_____ day of May, 2005.

_____
United States District Judge